IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAVANIA WHITE, Individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PEACH MOTORS, LLC d/b/a GRAVITY AUTOS, and MOHAMMED ADEEL SHAD,<br><br>    Defendants. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT FOR BACKPAY, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES UNDER THE FAIR LABOR STANDARDS ACT

COMES NOW PLAINTIFF LAVANIA WHITE, Individually and on behalf of others similarly situated, by and through her counsel of record, and asserts her claims against Defendants PEACH MOTORS, LLC d/b/a GRAVITY AUTOS and MOHAMMED ADEEL SHAD, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., [hereinafter "FLSA"] for unpaid minimum wages, liquidated damages and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA").

2.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants reside herein, and the substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

3.

Plaintiff Lavania White, a Georgia resident, is a former sales associate of Defendants, having been employed by Defendants between April 22, 2014 and November 15, 2014. At all material times, Plaintiff was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1), although Defendants intentionally misclassified Plaintiff as independent contractor for the duration of her employment relationship with Defendants.

4.

On information and belief, Defendants employed many other non-exempt sales associates who are similarly-situated to Plaintiff, and if they

knew about this civil action, would likely be interested in participating herein pursuant to 29 U.S.C. § 216(b).

5.

Defendant Peach Motors, LLC d/b/a Gravity Autos ("Gravity") is a Domestic Limited Liability Company, and is therefore subject to the jurisdiction of this Court. The primary business of Defendant Gravity is to sell previously-owned vehicles to the public. At all relevant times, Defendant Gravity has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Gravity may be served with process upon its Registered Agent: Michael W. Broadbear, 950 East Paces Ferry Rd., Suite 3250, Atlanta, Fulton County, Georgia 30326.

6.

Defendant Mohammad Adeel Shad ("Shad") is, on information and belief, a Member of Defendant Gravity who is subject to the jurisdiction of this Court. Defendant Shad is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), because at all relevant times he was substantially involved in the day-to-day operations and management of Defendant Gravity and its employees. Defendant Shad may be served with process at his business address: 7360 Roswell Road, Atlanta, Fulton County, Georgia 30328-1043.

7.

At all relevant times, Defendants Gravity and Shad were Plaintiff's "joint employers" as that term is defined at 29 C.F.R. § 791, *et seq*.

8.

At all material times during Plaintiff's employment, she was "engaged in commerce" as an employee of Defendants Gravity and Shad, as defined at 29 U.S.C. §206(a).

9.

At all material times during Plaintiff's employment, Defendants Gravity and Shad were each an "enterprise engaged in engaged in commerce or in the production of goods for commerce," as defined at 29 U.S.C. §206(a).

10.

At all material times during since 2013, Defendants Gravity and Shad had two more "employees engaged in commerce," as defined by 29 U.S.C. §203(s)(1)(A).

11.

Since 2013, these Defendants also had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A).

12.

During each year since 2013, Defendant Gravity had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

13.

During each year since 2013, Defendant Gravity had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

14.

During each year since 2013, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

15.

At all times material hereto, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

### FACTS

16.

Beginning on or about April 22, 2014, Ms. White began working for Defendants as a sales associate at Defendants' Roswell, Georgia used car lot.

17.

Throughout her employment with Defendants, Ms. White worked five (5) days during the workweek (9 a.m. until 8 p.m.), and every other Sunday, from 12 p.m. until 6 p.m., averaging 58 hours per workweek.

18.

Throughout her employment with Defendants, Defendants only paid Ms. White a flat commission of $175 or $200 per vehicle she sold.

19.

Defendants did not pay Ms. White at least the federal minimum wage ($7.25 per hour) for each hour worked during multiple workweeks.

20.

Ms. White resigned her employment with Defendants on or about November 15, 2014.

## COUNT I:

## VIOLATION OF SECTION 206 OF THE FLSA

21.

Plaintiff restates the allegations contained in Paragraphs 1-20 of her Complaint as is fully set forth.

22.

At all material times, Plaintiff was a non-exempt employee of Defendants.

23.

Defendants willfully failed and refused to pay Plaintiff at least the federal minimum wage for each hour worked during each workweek.

24.

Defendants knew or should have known that the FLSA applied to Plaintiff, a non-exempt employee, and that they had a duty to ensure she was paid at least the federal minimum wage for each hour she worked.

25.

As a result of Defendants' willful failure, Plaintiff is entitled to an award of back pay in the amount of at least $7.25/hour for each hour worked, less what she was actually paid by Defendants.

26.

Defendants have intentionally failed and refused to adequately compensate Plaintiff for many hours worked at the rates required by law, and has willfully refused to do so.

27.

Defendants' conduct constitutes willful violations of Sections 206 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA.

28.

Said violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, the Plaintiff requests:

(a) that her Complaint be read and considered;

(b) that service of process issue as authorized by law;

(c) that the Court conditionally certify this matter as a collective action pursuant to 29 U.S.C. §216(b);

(d) that the Court Award Plaintiff the value of her unpaid minimum wages;

(e) that the Court award Plaintiff liquidated damages as authorized by law;

(f) that the Court award the Plaintiff her expenses of litigation, including her reasonably-incurred attorney's fees; and

(g) that the Court award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
STEPHEN W. BROWN
Georgia Bar No. 290672

                                        Attorneys for Plaintiff Lavinia White

Schulten Ward & Turner, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
drf@swtlaw.com
swb@swtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAVANIA WHITE, Individually, and on behalf of others similarly situated, | : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION FILE <br> : NO. _____ |
| v. | : <br> : |
| PEACH MOTORS, LLC d/b/a GRAVITY AUTOS, and MOHAMMED ADEEL SHAD, | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## CONSENT TO BECOME A PARTY/REPRESENTATIVE PLAINTIFF PURSUANT TO 29 U.S.C. §216(b)

I hereby consent to join a lawsuit against the above-named Defendants to recover unpaid minimum wages and other damages authorized by the Fair Labor Standards Act. As a representative Plaintiff, I understand that I will have the authority to participate in the making of decisions on behalf of myself and any other plaintiffs, not named in the above caption of the lawsuit, who later chose to opt-into this lawsuit. I further understand that I will be bound by judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the Court may direct or the parties may agree, any settlement that may be negotiated on behalf of all Plaintiffs in this civil action.

LAVANIA WHITE

*Lavania white*
Signature

Date: 9/29/15