# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LAVANIA WHITE, Individually, and on   :
behalf of others similarly situated,     :
                                          :        **CIVIL ACTION FILE**
      **Plaintiff,**                   :        **NO. 1:15-CV-03419-AT**
                                            :
**v.**                                     :
                                          :
**PEACH MOTORS, LLC d/b/a**       :
**GRAVITY AUTOS, and MOHAMMED**  :
**ADEEL SHAD,**                  :
                                          :
      **Defendants.**              :

---

## CONSENT MOTION FOR APPROVAL OF SETTLEMENT
## AGREEMENTS AND MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION

Plaintiff, Lavania White and Defendants Peach Motors, LLC d/b/a Gravity Autos and Mohammed Adeel Shad jointly file this consent motion for approval of their settlement agreement (along with settlement agreements reached on behalf of four non-parties: Jacob Patrick Thomas, Tatiana Wride, Victoria Thompson and Carlie Phoenix), and memorandum of law in support requesting that the Court approve the Parties' settlement agreements and direct the Clerk to close the case. This motion is based upon the Settlement Agreements ("Settlement Agreements") (attached as Exhibits A-E) and all the files, records, and proceedings herein. The

Parties agree that the settlements set forth in the Settlement Agreements are fair and reasonable and that no hearing before the Court is needed or requested.

## I.     Factual Background

On September 30, 2015, Plaintiff filed her Complaint initiating this lawsuit, in which she alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit"). (*See* Pl's. Compl.; Doc. 1). Defendants denies any wrongdoing under the FLSA or any other state or federal law and denies that Plaintiffs are owed any additional compensation.

The Parties and their counsel are familiar with the facts of the case and the legal issues raised by the pleadings. The Parties, through their respective counsel, have engaged in arms-length settlement negotiations to resolve their dispute since October, 2015, which explains why no Answer has ever been filed in this civil action. The terms and conditions of settlement reflected in the five (5) Settlement Agreements are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

In or about November, 2015, the Parties reached a settlement for the value of each claimant's back wages and liquidated damages.  The amount of attorney's fees was not negotiated until after the amount of back wages and liquidated

damages were decided.   Pursuant to the settlement, the Plaintiff (and other claimants, will receive as follows:

Ms. Lavania White will receive $15,686.99, representing back wages in the amount of $8,830.50, liquidated damages in the amount of $4,415.25, attorney's fees in the amount of $2,254 and expenses of litigation in the amount of $187.24;

Mr. Jacob Patrick Thomas will receive $13,433.99, representing back wages in the amount of $7,418.50, liquidated damages in the amount of $3,574.25, attorney's fees in the amount of $2,254 and expenses of litigation in the amount of $187.24;

Ms. Victoria Thompson will receive $13,394.24, representing back wages in the amount of $7,302, liquidated damages in the amount of $3,651, attorney's fees in the amount of $2,254 and expenses of litigation in the amount of $187.24;

Mr. Carlie Phoenix will receive $8,836.67, representing back wages in the amount of $4,263.62, liquidated damages in the amount of $2,131.81, attorney's fees in the amount of $2,254 and expenses of litigation in the amount of $187.24;

And  Ms. Tatiana Wride will receive $8,317.49, representing back wages in the amount of $3,917.50, liquidated damages in the amount of $1,958.75, attorney's fees in the amount of $2,254 and expenses of litigation in the amount of $187.24;

Plaintiffs' legal services contracts with their counsel provides that their counsel shall receive their hourly fees for the work reasonably necessary for the prosecution of this matter, plus expenses of litigation.  This will result in the payment of fees to Plaintiffs' counsel in the amount of $11,270 and expenses of litigation in the amount of $936.20.  Mr. Fuchs billed Plaintiffs at a rate of $325 per hour, and billed a total of 23.1 hours in this matter, capping his hours on or about December 17, 2015, when the Parties reached a tentative settlement in the case.  Likewise, Mr. Brown billed Plaintiffs at a rate of $260 per hour, and billed a total of 7.7 hours in this matter, for a combined total of $11,270.  By not billing any hours after December 17, 2015, Mr. Fuchs and Mr. Brown cut the fees they would otherwise be entitled to by approximately $2,000 in order to facilitate the settlement of the case.  The rates billed by Plaintiffs' counsel are typical for attorneys of their respective experience levels, and the work performed by Plaintiffs' counsel was reasonably necessary to achieve the resulting settlement.

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Parties. The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' disputed

issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.    Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as

FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re*

*Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806

(3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal

fees to assure both that counsel is compensated adequately and that no conflict of

interest taints the amount the wronged employee recovers under a settlement

agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Any fee

agreement between a plaintiff and his or her counsel "must be disclosed to a court

when a FLSA settlement is filed for approval" so that the Court can evaluate the

reasonableness of the proposed settlement. *Martin v. Huddle House, Inc.*, Civ. No.

2:10-cv-00082-WCO [Doc. 16], at 3-4 (N.D. Ga. May 18, 2011).

### III.   Analysis

In their complaint, Plaintiff alleged that she was misclassified as an

independent contractor and underpaid by Defendants. (*See* Pls.' Compl., ECF No.

1). Plaintiff contended that Defendants owed her the minimum wage, and

liquidated damages for the hours she worked for Defendant. Although Defendants

disputed these contentions, the Parties engaged in arms-length settlement

negotiations and were able to reach an agreement to resolve this matter through

private negotiation between their respective counsel over the course of

approximately three (3) months.

In terms of fairness of the Settlement Agreement, Plaintiffs' probability of success was uncertain, and even if Plaintiffs had succeeded in showing liability, the amount of damages was also uncertain. Thus, settlement of the action in favor of certainty was a fair and reasonable decision. The Parties have worked together to reach a final settlement amount that adequately compensates Plaintiffs for their alleged unpaid wages and for their attorney's fees and costs incurred in bringing this lawsuit according to the terms of the representation agreement between Plaintiffs and their counsel. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

WHEREFORE, Plaintiffs and Defendant pray that this Court will enter an Order approving the settlement. A proposed order is attached hereto as Exhibit F.

This 2nd day of February, 2016.

Respectfully submitted,

/s/ Dean R. Fuchs
Dean R. Fuchs
Georgia Bar No. 279170
drf@swtlaw.com
Stephen W. Brown
Georgia Bar No. 290672
swb@swtlaw.com

SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, GA 30303
(404) 688-6800/(404) 688-6840 facsimile

Attorneys for Plaintiffs

8

/s/ Robert F. Dallas
ROBERT F. DALLAS
Georgia Bar No. : 203503
rdallas@gilsonathans.com
GLENN C. TORNILLO
Georgia Bar No.:  714754
gtornillo@gilsonathans.com

**Gilson Athans P.C.**
980 Hammond Drive, Suite 800
Atlanta, Georgia 30328
(770) 512-0300
(770) 512-0070 fax

Attorneys for Defendants